# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br> v.<br>STEPHEN NUNEZ (38),<br><br>         Defendant. | CASE NO. 16CR1996 WQH<br><br>ORDER |

HAYES, Judge:

  The matter before the Court is the Defendant's unopposed supplemental motion to vacate order of detention and for release on bail. (ECF No. 527).

  Defendant is charged in an indictment with International Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 959, 960 and 963; Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(l) and 846; Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. §§ 1956(a)(l)(B)(i), (a)(2)(B)(i) and (h); and Criminal Forfeiture, in violation of 21 U.S.C. § 853 and 18 U.S.C. § 982. The government alleges that Defendant brokered transactions involving large quantities of cocaine from South America to Mexico and within the United States, and facilitated the transport of proceeds. If convicted of these charges, Nunez faces a possible maximum sentence of 15 life and a mandatory minimum 10-year sentence. The Government moved for detention and the Magistrate Judge held a hearing.

  On November 1, 2018, the United States Magistrate Judge entered a detention

order concluding that "(1) there is a rebuttable presumption that Defendant presents a risk of flight; (2) the Government met its burden to demonstrate by a preponderance of the evidence that Defendant is a flight risk and that there is no condition or combination of conditions that will reasonably assure Defendant's appearance; and (3) Defendant failed to rebut the presumption that he presents a risk of flight." (ECF No. 323).

On August 6, 2019, Defendant filed a motion to vacate the order of detention. Defendant asserts a material change in circumstances between the date when he was ordered detained and "today's circumstances." (ECF No. 527 at 2. Defendant asserts that the parties are working toward resolution of his case based on a plea offer that would involve a lesser drug quantity and that he has executed a statement of facts admitting to culpability in this case. Defendant contends that he has a clear path to a disposition that will not carry a mandatory minimum sentence. Defendant further asserts that a new bail package consisting of two properties belonging to close family members and an additional sureties will assure his appearance.

Plaintiff United States files no pleadings addressing this motion.

## APPLICABLE LAW

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or community. 18 U.S.C. § 3142 *et seq*. The evidence in the record must establish the risk of flight by a clear preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant including the nature and

circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the Defendant. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972).

Defendant is charged with an offense that carries a maximum sentence of life and a mandatory minimum sentence of ten years in custody. Accordingly, there is a presumption of flight risk under 18 U.S.C. §3142(e). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *U.S. v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

Defendant was arrested in Mexico City and is charged with international conspiracy to distribute controlled substances and laundering money throughout South America. Defendant lived Dominican Republic prior to his arrest and has close family ties in the Dominican Republic. Although the factor given the least weight, the weight of the evidence in this case is strong. Defendant has no demonstrated employment ties to the United States and significant financial ties to the Dominican Republic.

The Court concludes that Defendant has not shown a material change in circumstances since the finding that Government met its burden to demonstrate by a preponderance of the evidence that Defendant is a flight risk. Defendant remains subject to the mandatory minimum sentence and the presumption under 18 U.S.C. § 3142(e) that he is a risk of flight. Defendant's ties with the Dominican Republic are strong. The facts before this Court continue to demonstrate that the Defendant is a flight risk and that there is no condition or combination of conditions that will reasonably assure Defendant's appearance.

1   IT IS HEREBY ORDERED that Defendant's unopposed supplemental motion
2 to vacate order of detention and for release on bail (ECF No. 527) is denied. The Court
3 further adopts the order of detention (ECF No.323).
4 DATED: August 22, 2019

**WILLIAM Q. HAYES**
United States District Judge